Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6325 | **DATE** | August 15, 2012 |
| **CASE TITLE** | Richard Bilik (#2010-0806261) v. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff has failed to file a properly completed and certified application to proceed *in forma pauperis* as required by 28 U.S.C.§ 1915(a)(2) or pay the full $350 filing fee. The Clerk is directed to send Plaintiff an *i.f.p.* application form along with a copy of this order. Plaintiff's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915A. Plaintiff is directed to submit a properly completed *i.f.p.* application and an amended complaint (plus a judge's copy and service copies) limited to a single, core claim in accordance with this order. Failure to comply with this order within thirty days will result in summary dismissal of this case.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Plaintiff has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he has been subjected to multiple forms of unconstitutional conditions of confinement at Stateville Correctional Center while he was incarcerated there in 2010. He alleges a laundry list of violations.

Plaintiff has failed either to pay the statutory filing fee or to file a petition for leave to proceed *in forma pauperis*. The Prison Litigation Reform Act requires all inmates to pay the full filing fee, even those whose cases are summarily dismissed. In all prisoner civil lawsuits, the court must assess an initial partial filing fee and then direct correctional authorities to withhold 20% of each month's income until the full filing fee is paid. .*See* 28 U.S.C. § 1915(b)(1). To enable the court to make the necessary assessment of the initial partial filing fee, Plaintiff must "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Therefore, if Plaintiff wishes to proceed with this case by making installment payments instead of paying the full filing fee in advance, he must file an *in forma pauperis* application on the form required by the rules of this court, together with a certified copy or copies of his trust fund statements reflecting all activity in his accounts in the past six months [that is, from February 9, 2012, through August 9, 2012].

The court also directs Plaintiff to submit an amended complaint. The complaint on file presents a number of claims against unrelated defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a prisoner complaint containing a laundry list of grievances. The Court of Appeals admonished the district court for failing to "question" the plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *George*, 507 F.3d at 607. The principle

AWL

| STATEMENT (continued) |
|---|

       appears in FED. R. CIV. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, . . . .

*George*, 507 F.3d at 607. Plaintiff's complaint in case makes distinct claims for deliberate indifference relating to his diet, conditions of confinement, medical care, and commissary restrictions, among others. Plaintiff sues six named Defendants and six John/Jane Doe Defendants. Plaintiff may only pursue multiple types of claims to the extent that they involve a common Defendant. Otherwise, they must be brought as separate suits. The court therefore directs Plaintiff to present one central core claim to pursue against the individuals alleged to have violated his rights.

       Additionally, the court cautions that many, if not all, of the claims alleged by Plaintiff may be time-barred. The statute of limitations for Section 1983 actions filed in Illinois is two years. *See* 735 ILCS § 5/13-202; *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*, 146 F.3d 459, 462 (7th Cir. 1998). The statute of limitations is not tolled merely because Plaintiff is a prisoner. *Farrell v. McDonough*, 966 F.2d 279, 282 (7th Cir. 1992); *Alexander v. Lane*, No. 90 C 1568, 1993 WL 539554, *2 (N.D. Ill. Dec. 22, 1993) (Kocoras, J.). Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002). Thus, as Plaintiff determines which core claim to pursue, he should focus only on claims that are not time-barred.

    Plaintiff is directed to submit an amended complaint on the court's form, identifying a single, core claim to pursue under this case number. Other claims, if not barred by the statute of limitations, must be brought in separate lawsuits. Plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent, together with an an extra copy for the judge and a service copy for each Defendant named in the amended complaint. Any exhibits Plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

       The Clerk will provide Plaintiff with an amended civil rights complaint form, the *in forma pauperis* application, and instructions along with a copy of this order. If Plaintiff wishes to proceed he must submit a properly completed and certified *i.f.p.* application and proposed amended complaint within thirty days. If Plaintiff fails to comply, the case will be summarily dismissed in its entirety.

*[signature: Rebecca R. Pallmeyer]*

.