Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 12 C 6325 | DATE | November 6, 2012 |
| CASE TITLE | Richard Bilik (#2010-0806261) v. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#5] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $57.00 from Plaintiff's account for payment to the Clerk of Court as an initial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk is directed to forward a copy of this order to the Inmate Trust Office at the Cook County Jail. As Plaintiff has failed to state a claim against Defendant Marcus Hardy, Hardy is dismissed as a Defendant. The Clerk shall issue summons to Defendant Diane Schwarz, and the U.S. Marshal is directed to serve her. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for appointment of counsel [#3] is denied. Plaintiff's proposed second amended complaint [#7] is dismissed without prejudice and all other motions are denied as moot. The Clerk is directed to strike the proposed second amended complaint from the Court's docket.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff, Richard Bilik, presently in custody at the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Dr. Diane Schwarz and Marcus Hardy. Plaintiff alleges that he suffers from lactose intolerance and was denied a lactose-free diet beginning in February of 2010. He further alleges that he suffered pain, discomfort and bouts of noxious gas that resulted in his being beaten up by other inmates. On August 15, 2012, the Court ordered Plaintiff to either submit a properly completed and executed *i.f.p.* application or to pay the statutory filing fee, and to submit a proposed amended complaint.

Plaintiff has filed a new application for leave to proceed *in forma pauperis*, and that application is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $57.00. The inmate trust fund officer at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the court concludes that Plaintiff has articulated a colorable federal cause of action against Defendant Schwarz for deliberate indifference to serious medical condition. *Jackson v. Gordon*, 145 Fed. Appx. 774, 776 (3d Cir. 2005) (holding district court erred in dismissing Eighth Amendment claim where inmate alleged that he was severely lactose intolerant and was given inadequate meals).
(CONTINUED)

| | | AWL |
|---|---|---|

## STATEMENT

Plaintiff's only claims against Defendant Hardy appear to challenge Hardy's conduct in his supervisory capacity. Plaintiff has alleged no facts suggesting his direct, personal involvement, as required by substantial authority. *See, e.g., J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). Nor is there any allegation that the alleged violation of Plaintiff's constitutional rights occurred at Hardy's direction or with his knowledge and consent. *Id.* Instead, Plaintiff simply alleges that he complained about his condition and inability to obtain adequate care to Dr. Schwarz, and filed grievances. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted). Further, Plaintiff has alleged that he did receive at least some care, in that he admits that he was prescribed Lactaid. He contends that he was denied a lactose-free diet; this appears to state a claim against medical staff, but prison administrators, and in particular the Warden, are entitled to delegate the provision of medical care to the prison's medical staff. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). *See also Johnson v. Snyder*, 444 F.3d 579, 586 (7th Cir. 2006) (fact that plaintiff's medical needs were being addressed by the medical staff insulated the warden from liability). The court concludes that Plaintiff has not stated a claim against Defendant Hardy.

The Clerk shall issue summons forthwith to Defendant Schwarz (hereinafter, "Defendant"), and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendant. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendant. If Defendant Schwarz can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with her last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on their behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Plaintiff has also filed a motion for appointment of counsel. The motion is denied. Plaintiff has no right to counsel in a civil case, such as this one, *see Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006), and at this stage the case does not appear to involve complex discovery or require presentation of evidence. The motion is denied without prejudice to renewal should the case proceed to a point that assistance of counsel is appropriate.

Finally, Plaintiff has also submitted a proposed second amended complaint, along with a second motion for leave to proceed *in forma pauperis*, and motions for appointment of counsel. A review of the proposed second amended complaint reveals that it involves completely unrelated conditions of confinement claims against different Defendants. The second amended complaint is dismissed without prejudice. Plaintiff is invited to re-file it as a separate action, and to seek leave to proceed *in forma pauperis* in that second action if appropriate.